1
2
3
4
5
6
7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9   TRACY DEE CHATMAN,

10            Petitioner,                   No. CIV-F-02-6170 ALA HC

11        vs.

12   EDWARD ALAMEIDA, et al.,

13            Respondents.                  ORDER

14   _____/

15        Pending before the court are Tracy Dee Chatman's ("Petitioner") application for writ of

16   habeas corpus (doc. 1), Respondents' Answer (doc. 12), and Petitioner's "Motion for Expedited

17   Disposition of Submitted Petition" (doc. 31).  For the reasons stated below, Petitioner's

18   application and motion are denied.

19                                          I

20        In 1999, Petitioner was convicted of possession of heroin and possession of narcotics

21   paraphernalia in Kern County Superior Court.  That court found that Petitioner had previously

22   been convicted of two felonies.  Those felonies, coupled with his felony conviction for heroin

23   possession, resulted in a sentence of twenty-six years to life.

24        Petitioner appealed.  The California Court of Appeal affirmed the Superior Court's

25   judgment.  First, it concluded that Petitioner's cruel and unusual punishment argument was

26   waived because "[t]he determination of whether the punishment in a particular case violates the

                                            1

1  constitutional prohibition against disproportionately cruel or unusual punishment is fact specific

2  and must be raised in the trial court."  Answer, Exhibit B at 2.  The court alternatively denied

3  Petitioner's cruel and unusual punishment claim on the merits.  It also rejected Petitioner's claim

4  that his trial counsel was  ineffective because of counsel's failure to object to the allegedly cruel

5  and unusual sentence.  The California Supreme Court denied the petition for review of the Court

6  of Appeal's decision without comment.

7       In 2001, Petitioner filed a state habeas corpus petition in California's Kern County

8  Superior Court.  He alleged three grounds for relief.  First, he contended that the trial court's use

9  of his two prior felony convictions to enhance his sentence pursuant to California's Three Strikes

10  Law violated the "Contract Clauses of the California and U.S. Constitutions."  Answer, Exhibit

11  E at 3.  Second, he alleged that his trial counsel's failure to object to his sentence on this ground

12  was ineffective assistance of counsel.  Third, he alleged that his appellate counsel's failure to

13  raise the same argument also constituted ineffective assistance of counsel.  The Superior Court

14  addressed the merits of these claims, and denied the petition.  Both the California Court of

15  Appeal and the California Supreme Court rejected Petitioner's appeals without comment.

16                                                 II

17       On September 18, 2002, Petitioner filed a *pro se* application for writ of habeas corpus in

18  this court.  Therein, he challenges his conviction and sentence under 28 U.S.C. § 2254, and

19  asserts four grounds for habeas relief.  First, he contends that his sentence constitutes cruel and

20  unusual punishment.  Second, he argues that his trial counsel was ineffective in failing to object

21  to his cruel and unusual punishment at Petitioner's sentencing hearing.  Third, he alleges that his

22  sentence violates his "Due Process & Equal Protection Rights Guaranteed by . . . the California

23  Constitution and the 14th Amendment of the U.S. Constitution by Violating the Contract Clause

24  of the California and U.S. Constitutions."  Fourth, he asserts that both his trial and appellate

25  counsel failed to investigate and present "all defenses of fact and law regarding the violation of

26  contract law" related to breaches of the plea agreements Petitioner entered into in 1981 and

1 1983.  Those plea agreements resulted in two felony convictions, which, as a result of the Three

2 Strikes Law, enhanced the sentence Petitioner is presently serving.

3      None of Petitioner's arguments entitle him to habeas relief.[1]

4 A

5      Respondents' Answer contends that Petitioner's claim of cruel and unusual punishment is

6 subject to an adequate and independent state procedural default because "[o]n direct appeal, the

7 Fifth District Court held that [the claim] was defaulted for failure to raise that issue before the

8 trial court."  Answer at 9.  "When a state-law default prevents the state court from reaching the

9 merits of a federal claim, that claim can ordinarily not be reviewed in federal court."  *Ylst v.*

10 *Nunnemaker*, 501 U.S. 797, 801 (1991) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977)).

11 However, "a procedural default does not bar consideration of a federal claim on either direct or

12 habeas review unless the last state court rendering a judgment in the case clearly and expressly

13 states that its judgment rests on a state procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263

14 (1989) (internal quotations and citation omitted).  "[I]f the state court under state law chooses not

15 to rely on a procedural bar in such circumstances, then there is no basis for a federal habeas

16 court's refusing to consider the merits of the federal claim."  *Id.* at 265.

17      Procedural default bars "federal habeas when a state court declined to address a prisoner's

18 federal claims because the prisoner had failed to meet a state procedural requirement," so long as

19 the state's procedural rule is both independent and adequate.  *Coleman v. Thompson*, 501 U.S.

20 722, 729-30 (1991).  "In all cases in which a state prisoner has defaulted his federal claims in

21 state court pursuant to an independent and adequate state procedural rule, federal habeas review

22

23     [1] "[I]t is not the province of a federal habeas court to reexamine state-court
determinations on state-law questions.  In conducting habeas review, a federal court is limited to
24 deciding whether a conviction violated the Constitution, laws, or treaties of the United States."
*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Therefore, Petitioner's claims that the California
25 courts violated his rights under California law will not be addressed.  *See, e.g.*, Petition at 5
(alleging that Petitioner's sentence constitutes cruel and unusual punishment under the California
26 Constitution).

1   of the claims is barred unless the prisoner can demonstrate cause for the default and actual

2   prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

3   consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

4          We look to the Court of Appeal's decision as the last reasoned opinion on Petitioner's

5   cruel and unusual punishment claim. *See Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th

6   Cir. 2002) (explaining that when a subsequent appeal is denied without comment, a federal court

7   must look to the last state court decision to actually address a claim). In holding that Petitioner's

8   cruel and unusual punishment claim was waived because it was not raised in the trial court, the

9   Court of Appeal cited *People v. Davis*, 896 P.2d 119 (Cal. 1995). Answer, Exhibit B at 4.

10  California requires that a defendant make an assignment of error at trial in order to preserve a

11  cruel and unusual punishment claim. *Davis*, 896 P.2d at 141 n.8. Petitioner has not argued that

12  any reason justifies setting aside this state procedural bar. Therefore, this claim is procedurally

13  defaulted.

14                                              B

15

16  Petitioner's claim that his trial counsel's failure to object to his sentence on grounds of cruel and

17  unusual punishment also fails. We agree with Respondents that Petitioner cannot establish that

18  his trial counsel's failure to raise the issue was prejudicial.

19         Petitioner's entitlement to habeas relief "turns on showing that the state court's resolution

20  of his claim of ineffective assistance of counsel" under *Strickland v. Washington*, 466 U.S. 668

21  (1984), "'resulted in a decision that was contrary to, or involved an unreasonable application of,

22  clearly established Federal law, as determined by the Supreme Court of the United States.'"

23  *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (quoting 28 U.S.C. § 2254(d)(1)). "Ineffective

24  assistance under *Strickland* is deficient performance by counsel resulting in prejudice." *Id.*

25  "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but

26

1  for counsel's unprofessional errors, the result of the proceeding would have been different.  A

2  reasonable probability is a probability sufficient to undermine confidence in the outcome.'"

3  *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (citation omitted).

4       The California Court of Appeal denied Petitioner's ineffective assistance of counsel

5  claim because it found that Petitioner's cruel and unusual punishment claim was without merit.

6  Answer, Exhibit B at 4 n.3.  In the context of a cruel and unusual punishment claim involving a

7  sentence for a term of years, "the only relevant clearly established law amenable to the 'contrary

8  to' or 'unreasonable application of ' framework is the gross disproportionality principle, the

9  precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme'

10  case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citation omitted).  A court "assessing the

11  compliance of a non-capital sentence with the proportionality principle," considers objective

12  factors, such as "the severity of the penalty imposed and the gravity of the offense." *Taylor v.*

13  *Lewis*, 460 F.3d 1093, 1098 (9th Cir. 2006).

14       The Supreme Court has upheld at least one sentence similar to Petitioner's.  In *Ewing*, a

15  California court sentenced a defendant to 25 years to life in prison as a result of "felony grand

16  theft for stealing nearly $ 1,200 worth of merchandise," and because the defendant was

17  previously "convicted of at least two 'violent' or 'serious' felonies." *Ewing v. California*, 538

18  U.S. 11, 28 (2003).  Although *Ewing*'s offense resulted from the theft of three golf clubs, the

19  Supreme Court noted that California deemed grand theft a serious crime in the context of

20  proportionality review. *Id.* at 28 (citing *In re Lynch*, 503 P.2d 921, 936 n. 20 (Cal. 1972)).  Here,

21  Petitioner's triggering offense was "possession of heroin," a felony.  Answer, Exhibit B at 5.

22  The California Court of Appeal noted that the offense poses dangers to society "too well

23  documented to bear repeating." *Id.*

24       In "weighing the gravity of [an] offense, we must place on the scales not only [the]

25  current felony, but also [a petitioner's] long history of felony recidivism." *Ewing*, 538 U.S. at

26  29. *Ewing* sanctioned California's three strikes sentencing scheme, approving of the state's

5

interest in "not merely punishing the offense of conviction," but also "'in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law.'" *Id.* (citation omitted).

Here, as in *Ewing*, Petitioner's two prior felony convictions enhanced his sentence as a result of California's Three Strikes Law. Also, like the defendant in *Ewing*, Petitioner was found to have "a history of recidivist behavior." Answer, Exhibit B at 4. Petitioner's criminal conduct dates back to 1978; since then, he has been convicted of numerous misdemeanor violations, along with "two prior convictions for robbery, a serious violent crime." *Id.* at 4-5.

Petitioner's sentence was not grossly disproportionate. As a result, it did not constitute cruel and unusual punishment, and any failure on counsel's part to object to the sentence was not prejudicial.

C

Petitioner also claims that the trial court's use of his two prior felony convictions to enhance the sentence at issue here violates the terms of the plea agreements that resulted in his two prior felony convictions. Specifically, Petitioner claims that when he accepted the plea agreements in his two prior felony cases, he was not advised that his convictions could enhance a later sentence any more than five years. He argues that his plea agreements were violated because "[t]here was never any agreement between petitioner, the court and the prosecutor that any subsequently enacted laws could alter the obligations and consequences agree to by both parties." Petition at 5. Although Petitioner labels this claim a Contracts Clause violation, it will be construed as an allegation that his pleas were involuntary.

"Due process guarantees under the fifth amendment require that a defendant's guilty plea be voluntary and intelligent." *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988). A guilty plea is voluntary if it is entered by a defendant fully aware of the plea's direct consequences, including the "'range of allowable punishment' that will result from his plea." *Id.* (citation omitted). "[A] defendant is entitled to be informed of the direct consequences of the plea," but

6

1  not of all possible collateral consequences. *Id.* at 235. A consequence that rests in the hands of

2  another government agency, "or in the hands of the defendant himself," is a collateral

3  consequence. *Id.* at 236.

4          California's Three Strikes Law is a statutory scheme. *See* Cal. Pen. Code § 667

5  (establishing sentences for "habitual" criminals). Therefore, Petitioner's three strikes-enhanced

6  sentence is a collateral consequence of his earlier pleas. That Petitioner was not informed of the

7  possibility that the California Legislature might later enact the Three Strikes Law does not

8  invalidate his earlier pleas, nor does it entitle him to habeas relief.

9                                               D

10         Finally, Petitioner claims that his trial and appellate counsel's failure to investigate and

11  present all "defenses of fact and law" regarding the violations of his earlier plea agreements

12  constitutes ineffective assistance of counsel. Petition at 6-7. As explained above, to establish an

13  ineffective assistance of counsel claim, Petitioner must show that counsel's error was prejudicial.

14  Because we find that Petitioner's plea agreements were sound, any failure to challenge them in

15  the manner Petitioner describes would not have changed Petitioner's state court proceedings.

16                                        CONCLUSION

17         IT IS HEREBY ORDERED that Petitioner's application for habeas corpus relief under §

18  2254 (doc. 1) is denied.[2] Petitioner's "Motion for Expedited Disposition of Submitted Petition"

19  (doc. 31) is also denied as moot.

20  /////

21

----

22         [2] In the Ninth Circuit, claims that are procedurally defaulted are dismissed, whereas
   claims that fail on the merits are denied. *See, e.g.*, *Manning v. Foster*, 224 F.3d 1129, 1132 (9th
23  Cir. 2000) (establishing the standards of review for "a district court's decision to dismiss [a]
   habeas petition for procedural default" and a "district court's decision to deny [a] habeas petition
24  on the merits"). Although Petitioner's cruel and unusual punishment claim was procedurally
   defaulted, it was necessary to adjudicate the claim's merits in assessing Petitioner's ineffective
25  assistance of counsel claim that rested on his cruel and unusual punishment allegation.
   Therefore, because the merits of all the claims before us have been reached, the petition as a
26  whole is denied.

1    DATED: November 29, 2007

2                                                    /s/ Arthur Alarcón
                                                     UNITED STATES CIRCUIT JUDGE
3                                                    Sitting by Designation

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26